87 F.3d 1324
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Greg Scott NELSON, Defendant-Appellant.
 No. 95-10305.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 19, 1996.
 
 Before: CANBY, NOONAN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Greg Scott Nelson appeals his 33-month sentence following guilty pleas to wire fraud, under 18 U.S.C. § 1343, and forgery, under 18 U.S.C. § 510(a)(2). Nelson contends that the district court erred by departing upward from a criminal history category of VI pursuant to U.S.S.G. § 4A1.3. We have jurisdiction under 18 U.S.C. § 3742(a), 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 We review de novo whether the district court has the authority to depart, and for clear error the district court's findings of facts supporting the departure. United States v. George, 56 F.3d 1078, 1084 (9th Cir.), cert. denied, 116 S.Ct. 351 (1995).
 
 
 4
 A departure from category VI is permissible only if the defendant's conduct is "significantly more serious than that of other defendants in the same category." United States v. Segura-Del Real, 83 F.3d 275, 277 (9th Cir.1996). The district court "must state the particular facts that show that the defendant is unlike others in the same criminal history category." George, 56 F.3d at 1085. A departure from category VI may be warranted if the defendant has a long record of convictions of escalating seriousness and prior incarcerations have not affected his propensity to commit crimes, or the defendant has numerous and repetitive convictions for the same or similar offenses. See Segura-Del Real, 83 F.3d at 277-78.
 
 
 5
 The district court found that Nelson's record demonstrated a "strong propensity to commit further crimes." The district court at sentencing discussed the seriousness of Nelson's crimes, but made no finding whether his crimes escalated in seriousness, or alternatively, whether Nelson had numerous convictions for the same or similar offenses. See id.; George, 56 F.3d at 1085-86.
 
 
 6
 Given this appeal's disposition, we need not reach Nelson's argument that the district court violated the "spirit" of the plea agreement by departing upward.
 
 
 7
 We VACATE and REMAND for resentencing.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3